UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSICA LEWIS, | No. 2:24-cv-01108-DC-DMC |
| Plaintiff, | |
| v. | ORDER GRANTING DEFENDANT'S MOTION TO DISMISS |
| ULTA SALON, COSMETICS & FRAGRANCE, INC., | (Doc. No. 5) |
| Defendant. | |

This matter is before the court on the motion to dismiss filed by Defendant Ulta Salon, Cosmetics & Fragrance, Inc. ("Ulta") on April 19, 2024. (Doc. No. 5.) Pursuant to Local Rule 230(g), the pending motion was taken under submission to be decided on the papers. (Doc. No. 9.) For the reasons explained below, the court will grant Defendant's motion to dismiss.

**BACKGROUND**

Plaintiff Jessica Lewis filed this employment action in the Sutter County Superior Court against her former employer Defendant Ulta and Does 1–50 on March 12, 2024. (Doc. No. 1 at 2.) In her complaint, Plaintiff alleges the following.

Plaintiff began working as a "Retail Sales Manager" for Defendant around July 2017. (Doc. No. 1-2 at ¶ 6.) Defendant eventually promoted Plaintiff to "General Manager." (*Id.*) Plaintiff received "verbal praise and positive performance reviews" for the first six and a half years of her employment for Defendant. (*Id.* at ¶ 7.)

According to Plaintiff, Defendant "failed to pay Plaintiff the minimum, regular, and/or overtime wages that Plaintiff was owed." (*Id.* at ¶ 8.) While Plaintiff was "off and on the clock," Defendant's employees, managers, and vendors contacted Plaintiff about work-related tasks. (*Id.*) Plaintiff estimates that while taking vacation in October 2023, she worked twenty (20) hours because she communicated with Defendant's employees about work-related tasks. (*Id.*)

Defendant's security alarm company also frequently contacted Plaintiff "when the store alarm went off." (*Id.* at ¶ 9.) Plaintiff estimates that in July 2023, roof repairs to the store where Plaintiff worked "set off the alarm from about 11:00 p.m. to about 6:00 a.m. every night for about one (1) week." (*Id.*) Overall, Plaintiff estimates she "worked about two (2) to eight (8) hours off the clock each week answering work-related calls and texts throughout [her] employment," though she was not compensated for this time. (*Id.* at ¶ 10.)

On or about December 6, 2023, Plaintiff met with Defendant's Loss Prevention employee, Sabrina Ruiz, and District Manager, Tammy Ames, to discuss Plaintiff's hours. (*Id.* at ¶ 11.) They "showed Plaintiff a spreadsheet with Plaintiff's work hours from the past four (4) years, and asked Plaintiff, 'why do you have so many hours?'" (*Id.*) Plaintiff told them that her hours "reflect the constant texts and calls regarding work-related tasks" she received from "Defendant Ulta employees, managers, vendors and Defendant Ulta's security alarm company." (*Id.*) Ruiz and Ames asked Plaintiff, "do you actually think you deserve to be paid for a 15-minute call?" (*Id.*) Plaintiff responded, "when I get calls throughout the day, yes." (*Id.*) Plaintiff also responded that the additional hours Plaintiff recorded were the "bare minimum," and did not reflect all the extra hours she worked "off the clock." (*Id.*) Plaintiff told Ruiz and Ames "that according to California labor laws, Plaintiff has the right to be paid for the time that Plaintiff works." (*Id.*) Ames and Ruiz suspended Plaintiff after the December 6, 2023 meeting. (*Id.* at ¶ 12.)

Plaintiff was also contacted by "Defendant Ulta managers, employees, and vendors" during meal and rest breaks, where she "was forced to carry and respond to a walkie talkie and [her] cell phone." (*Id.* at ¶ 14.) The cell phone application Defendant required Plaintiff to use to "clock in and out of work" also "frequently did not work." (*Id.* at ¶ 15.) Plaintiff was not compensated for the two (2) to four (4) minutes it took for her to turn off the alarm clock prior to

1  clocking in to work. (*Id.*)

2  On December 11, 2023, "Defendants retaliated against Plaintiff by terminating Plaintiff's
3  employment," and "[t]he offered justification for Plaintiff's termination were pretextual to mask
4  the true reason of retaliation." (*Id.* at ¶ 13.)

5  Based on these allegations in her complaint, Plaintiff brings the following eleven causes
6  of action against Defendant: (1) retaliation in violation of California Labor Code § 98.6; (2)
7  retaliation in violation of California Labor Code § 1102.5; (3) wrongful termination in violation
8  of public policy; (4) failure to pay minimum wages in violation of California Labor Code
9  §§ 1194, 1197; (5) failure to pay overtime wages in violation of California Labor Code §§ 204,
10 510, 1194; (6) failure to pay wages owed; (7) meal period liability in violation of California
11 Labor Code §§ 226.7, 512; (8) rest period liability in violation of California Labor Code § 226.7;
12 (9) failure to provide accurate, itemized wage statements in violation of California Labor Code
13 §§ 226, 1174; (10) waiting time penalties in violation of California Labor Code § 203; and (11)
14 violation of the Unfair Competition Law, California Business and Professions Code § 17200 *et*
15 *seq.* ("UCL"). (*Id.* at 5–16.)

16 On April 12, 2024, Defendant removed this action to this court. (Doc. No. 1.) Defendant
17 filed the pending motion to dismiss on April 19, 2024. (Doc. No. 5.) Plaintiff filed her opposition
18 to Defendant's motion to dismiss on May 2, 2024. (Doc. No. 7.) Defendant filed its reply thereto
19 on May 13, 2024. (Doc. No. 8.)

20 **LEGAL STANDARD**

21 A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) asks a court to
22 dismiss a plaintiff's complaint for failure to state a claim upon which relief can be granted.
23 *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). A claim may be dismissed for lack of a
24 cognizable legal theory or the absence of sufficient facts to support a cognizable legal theory.
25 *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990) (citing *Robertson v. Dean*
26 *Witter Reynolds, Inc.*, 749 F.2d 530, 533–34 (9th Cir. 1984)).

27 "To survive a motion to dismiss, a complaint must contain sufficient factual matter,
28 accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556

U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also* Fed. R. Civ. P. 8(a)(2) (a complaint must contain a short and plain statement of the claim showing that the pleader is entitled to relief). A complaint satisfies the plausibility requirement if it contains sufficient facts for the court to "draw [a] reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). For purposes of a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996). If a court dismisses certain claims, "[l]eave to amend should be granted unless the district court 'determines that the pleading could not possibly be cured by the allegation of other facts.'" *Knappenberger v. City of Phoenix*, 566 F.3d 936, 942 (9th Cir. 2009) (quoting *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc)).

**ANALYSIS**

In the pending motion, Defendant moves to dismiss all of Plaintiff's claims for failure to state a cognizable claim. (Doc. No. 5.) The court will address the sufficiency of Plaintiff's allegations as to each of her claims in turn below.

**A.    Retaliation under Sections 98.6 and 1102.5 (Claims One and Two)**

California Labor Code § 98.6 makes it unlawful to "discharge an employee . . . because the employee . . . made a written or oral complaint that they are owed unpaid wages . . . ." Cal. Lab. Code § 98.6(a). California Labor Code § 1102.5 provides "[a]n employer . . . shall not retaliate against an employee for disclosing information . . . to a person with authority over the employee or another employee who has the authority to investigate, discover, or correct the violation or noncompliance. . . ." Cal. Lab. Code § 1102.5(b). To state a claim for violation of either statute, a plaintiff must show "(1) she engaged in a protected activity, (2) her employer subjected her to an adverse employment action, and (3) there is a causal link between the two." *Muniz v. United Parcel Serv., Inc.*, 731 F. Supp. 2d 961, 969 (N.D. Cal. 2010) (citation omitted).

Defendant argues that Plaintiff's claims for retaliation should be dismissed because Plaintiff "has failed to allege any well-pleaded facts to support such claims for relief." (Doc. No. 5-1 at 11.) Defendant argues that Plaintiff has failed to set forth any factual allegations about how

4

1  she engaged in a protected activity under Sections 98.6 and 1102.5 of the California Labor Code.
2  (*Id.*) Defendant further avers that to the extent that Plaintiff seeks to establish that she engaged in
3  a protected activity through her allegation that she "informed Ms. Ruiz and Ms. Ames that
4  according to California labor laws, [she] has the right to be paid for the time that she works," this
5  statement does not "fall within the purview of any activity expressly protected" by the California
6  Labor Code. (*Id.* at 11–12.) As Defendant anticipated, Plaintiff responds in her opposition that
7  she sufficiently alleges she engaged in a protected activity under the Labor Code by alleging in
8  her complaint that she informed Ms. Ruiz and Ms. Ames that she has a right to be paid under
9  certain California Labor laws. (Doc. No. 7 at 10–11.) However, Plaintiff does not allege in her
10 complaint or clarify in her opposition that by informing Defendant's employees about her general
11 right to be paid under California law, Plaintiff was making an "oral complaint that [she] [was]
12 owed unpaid wages." Cal. Lab. Code § 98.6(a). Despite Plaintiff's argument in her opposition to
13 the contrary, Plaintiff does not allege that she informed Defendant employees of a "violation."
14 (Doc. No. 7 at 11); *see* Cal. Lab. Code § 1102.5(b).

15     Thus, as currently pled, Plaintiff fails to state a claim for retaliation under either statute,
16 and Defendant's motion to dismiss Plaintiff's first claim for retaliation in violation of Section
17 98.6 and second claim for retaliation in violation of Section 1102.5 will be granted, with leave to
18 amend. If Plaintiff elects to file a first amended complaint, Plaintiff should clarify in her
19 allegations whether she specifically complained of a violation of a California law entitling her to
20 payment of wages or otherwise complained that she was owed unpaid wages during her meeting
21 with Ms. Ruiz and Ms. Ames.

22 **B.     Wrongful Termination in Violation of Public Policy (Claim Three)**

23     To state a common law claim for wrongful termination in violation of public policy,
24 Plaintiff must allege: (1) she was employed by Ulta; (2) Ulta discharged her; (3) "violation of
25 public policy substantially motivated the discharge," and (4) the discharge caused her harm. *See*
26 *Diego v. Pilgrim United Church of Christ*, 231 Cal. App. 4th 913, 920 (2014). The policy must be
27 "(1) delineated in either constitutional or statutory provisions; (2) public in the sense that it inures
28 to the benefit of the public rather than serving merely the interests of the individual; (3) well

5

established at the time of the discharge; and (4) substantial and fundamental." *Id.* (citations and quotation marks omitted).

Plaintiff alleges she was wrongfully terminated for "exercising [her] right to overtime wages." (Doc. No. 1-2 at ¶ 36, 9.) As discussed, Plaintiff has not sufficiently alleged that she complained of a violation of her right to be paid overtime wages, and as a result, she fails to state a cognizable claim for retaliation under either Section 98.6 or Section 1102.5. Therefore, Plaintiff's derivative claim for wrongful termination in violation of public policy "must also be dismissed because it is based on these insufficiently alleged violations of public policy." *See Napear v. Bonneville Int'l Corp.*, 669 F. Supp. 3d 948, 967 (E.D. Cal. 2023) (dismissing plaintiff's derivative claim for wrongful discharge in violation of public policy because plaintiff failed to state an underlying claim for retaliation in violation of Sections 1101, 1102, and 98.6 of the California Labor Code).

Thus, Defendant's motion to dismiss Plaintiff's third claim for wrongful discharge in violation of public policy is dismissed with leave to amend.

**C.     Failure to Pay Minimum Wages, Overtime Wages, and Wages Owed (Claims Four, Five, and Six)**

Under California Labor Code § 1197, "the payment of a lower wage than the minimum so fixed is unlawful." Cal. Lab. Code § 1197. If an employer pays an employee a wage lower than the minimum, Section 1194 provides that "any employee receiving less than the legal minimum wage . . . is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage. . . ." Cal. Lab. Code § 1194. Additionally, employers must pay overtime for work that exceeds eight hours in one workday or forty hours in one workweek. Cal. Lab. Code § 510.

The Ninth Circuit in *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641–46 (9th Cir. 2014), *as amended* (Jan. 26, 2015), gave guidance to district courts on how to address claims concerning uncompensated work such as those at issue in this case.[1] The Ninth Circuit clarified

---

[1] Although *Landers* addressed claims brought under the Fair Labor Standards Act, federal courts have held that its reasoning applies to California Labor Code claims as well. *See Perez v. DNC*

that plaintiffs are not required to "approximate the number of hours worked without compensation" or allege how much is owed "with mathematical precision." *Id*. at 646 (citing *DeJesus v. HF Mgmt. Servs.*, 726 F.3d 85, 89 (2d Cir. 2013)). Instead, a plaintiff must "at a minimum . . . allege that she worked more than forty hours in a given workweek without being compensated for the hours worked in excess of forty during that week." *Id*. at 645.

District courts are split on the practical implication of the Ninth Circuit's opinion in *Landers*. *See Barajas v. Blue Diamond Growers Inc.*, No. 20-cv-00679-KJM-JDP, 2024 WL 4443073, at *3 (E.D. Cal. Oct. 8, 2024); *Turner v. LTF Club Mgmt. Co., LLC*, 20-cv-00046-KJM-JDP, 2022 WL 1018498, at *2–3 (E.D. Cal. Apr. 5, 2022) (collecting cases); *Sanchez v. Ritz Carlton*, No. 15-cv-03484-PSG-PJW, 2015 WL 5009659, at *2 (C.D. Cal. Aug. 17, 2015) ("In *Landers*' wake, courts have offered varying and possibly inconsistent standards for stating wage-and-hour claims under California law."). Some courts applying *Landers* have required plaintiffs to plead facts identifying a specific calendar week in which they were denied overtime pay or minimum wages. *See Perez v. Wells Fargo & Co.* 75 F. Supp. 3d 1184, 1192–93 (N.D. Cal. 2014). Other courts have declined to read *Landers* as requiring such specificity. *See Turner*, 2022 WL 1018498, at *3–6; *Sagastume v. Psychemedics Corp.*, No. 20-cv-06624-DSF-GJS, 2020 WL 8175597, at *3 (C.D. Cal. Nov. 30, 2020); *see also Perez v. Island Hosp. Mgmt. III, LLC*, No. 18-cv-04903-DMG-JPR, 2019 WL 3064113, at *4 (C.D. Cal. Feb. 8, 2019). Instead, those courts required plaintiffs to provide some material details to give rise to a plausible inference that the plaintiff was not paid minimum wage or overtime during at least one workweek. *See Reed v. AutoNation, Inc.*, No. 16-cv-08916-BRO-AGR, 2017 WL 6940519, at *4-5 (C.D. Cal. Apr. 20, 2017) (concluding that *Landers* does not require allegations of a particular example of a minimum wage violation but does require alleging a specific instance of an overtime claim). A plaintiff may accomplish this "by estimating the length of her average workweek during the applicable period and the average rate at which she was paid, the amount of overtime wages she

---

*Parks & Resorts at Asilomar, Inc.*, No. 19-cv-00484-DAD-SAB, 2022 WL 411422, at *6 (E.D. Cal. Feb. 10, 2022) ("This [Fair Labor Standards Act] pleading requirement applies to minimum and overtime wage claims under state law as well.").

believes she is owed, or any other facts that will permit the court to find plausibility." *Landers*, 771 F.3d at 645 (citing *Pruell v. Caritas Christi*, 678 F.3d 10, 14 (1st Cir. 2012)).

Here, Plaintiff fails to state a minimum wage, overtime wage, and/or unpaid wage claim under either reading of *Landers*. Plaintiff does not provide any information regarding her hourly pay rates or the prevailing minimum wage during the relevant time period in support of her claim for failure to pay minimum wages. Without this information, it is impossible for the court to determine whether the additional uncompensated tasks she allegedly performed caused her hourly wage to drop below the required minimum. *See Barajas v. Blue Diamond Growers Inc.*, No. 1:20-cv-0679 JLT SKO, 2023 WL 2333548, at *13 (E.D. Cal. Mar. 2, 2023) (dismissing plaintiffs' failure to pay minimum wage claim where plaintiffs "failed to provide any information regarding their hourly pay rates, such that the Court may determine the identified tasks caused their hourly pay to fall below the mandated minimum wage"); *Cf. Dawson v. One Call Med., Inc.*, No. 3:20-cv-01188-LAB-KSC, 2021 WL 5513516, at *4 (S.D. Cal. Sept. 21, 2021) (plaintiff sufficiently stated a claim for failure to pay minimum wage where he alleged that he was paid an hourly rate of $10.00, but was not compensated for the first hour of work, therefore bringing the average hourly wage below the minimum wage per hour). As currently pled, Plaintiff's complaint is insufficient to support a plausible inference that Plaintiff was paid below the minimum wage in violation of California law.

As to Plaintiff's claim for failure to pay overtime wages, Plaintiff has also failed to sufficiently state a claim. Although Plaintiff alleges that "throughout [her] employment, Defendant Ulta employees, managers, and vendors constantly called and texted Plaintiff regarding work related tasks while Plaintiff was on and off the clock," (Doc. No. 1-2 at ¶ 8), Plaintiff omits key information from her complaint, such as "sufficient detail about the length and frequency of [her] unpaid work to support a reasonable inference that [she] worked more than forty hours in a given week." *See Landers*, 771 F.3d at 646 (citation omitted). Though Plaintiff does allege on average she "worked about two (2) to eight (8) hours off the clock each week answering work-related calls and texts through [her] employment," (Doc. No. 1-2 at ¶ 10), she does not allege that "there was at least one workweek in which [she] worked in excess of forty

hours and [was] not paid overtime wages." *Landers*, 771 F.3d at 646 (citation omitted); *see also Barajas*, 2023 WL 2333548, at *15 (dismissing plaintiff's claim for failure to pay overtime wages where plaintiffs did not "identify any given day they worked more than 8 hours, any week in which they worked more than 40 hours" or "any information concerning the wages paid—such as their hourly wages or the wages received for overtime hours worked—such that the Court may determine that the overtime pay received was insufficient under Section 510"). Further, as mentioned, Plaintiff does not provide information regarding the hourly rate she was paid or the rate for overtime hours worked as required for an overtime claim. *See id.*

Further, Plaintiff's claim for failure to pay wages owed is premised on Defendant's alleged failure to compensate for minimum and overtime wages. Because Plaintiff's underlying claims fail, this derivative claim also fails. *Krauss v. Wal-Mart, Inc.*, No. 2:19-cv-00838-JAM-DB, 2019 WL 6170770, at *3 (E.D. Cal. Nov. 20, 2019) (dismissing plaintiff's claim for failure to pay accrued wages because it was a derivative of plaintiff's claims for failure to pay minimum and overtime wages, which also failed).

Therefore, the court will grant Defendant's motion to dismiss Plaintiff's fourth claim for failure to pay minimum wages, fifth claim for failure to pay overtime wages, and sixth claim for failure to pay wages owed, with leave to amend.

**D.  Meal and Rest Period Violations (Claims Seven and Eight)**

California Labor Code § 226.7 provides that "[a]n employer shall not require an employee to work during a meal or rest or recovery period. . . ." Cal. Lab. Code § 226.7. To satisfy an employer's obligation pursuant to California law "an employer must relieve the employee of all duty for the designated period, but need not ensure that the employee does no work." *Brinker Rest. Corp. v. Super. Ct.*, 53 Cal. 4th 1004, 1034 (2012). During the break period, "employees must not only be relieved of work duties, but also be freed from employer control over how they spend their time." *Augustus v. ABM Sec. Servs., Inc.*, 2 Cal. 5th 257, 270 (2016). Like minimum and overtime wage claims, to successfully state a meal or rest break claim, a plaintiff must allege facts specifically identifying an instance where they were deprived of a meal or rest break. *See Landers*, 771 F.3d at 646; *Guerrero v. Haliburton Energy*, No. 16-cv-01300-LJO-JLT, 2016 WL

6494296, at *6 (E.D. Cal. Nov. 2, 2016) ("The requirement in *Landers* that a plaintiff must plead a specific instance of alleged wage and hour violations also applies to claims about missed meal and rest periods."); *Boyack v. Regis Corp.*, 812 F. App'x 428, 431 (9th Cir. 2020)[2] (holding that a rest break claim fell short of the requirements established in *Landers* by not "demonstrating at least one workweek in which [plaintiffs] were personally deprived of rest breaks").

Plaintiff alleges she was eligible for meal and rest periods because she "worked shifts greater than five (5) hours," and she was not provided compliant meal and rest periods due to interruptions of her breaks. (Doc. No. 1-2 at ¶ 65.) In responding to Defendant's assertion that her allegations are insufficient to state these claims, Plaintiff points to her allegations that she "was forced to carry and respond to a walkie talkie and [her] cell phone during meal and rest breaks" and that she "was contacted by Defendant Ulta managers, employees, and vendors about work-related tasks during [her] meal and rest breaks." (Doc. Nos. 8 at 12; 1-2 at ¶ 14.) While these allegations indicate that Plaintiff's meal and rest break were interrupted, Plaintiff does not allege any specific instance in which the purported meal and rest break violations occurred, as is required for these claims. *See Isaac Delgado v. Old Castle Infrastructure Inc., et al.*, No. 2:24-cv-02031-DJC-CKD, 2025 WL 1951601, at *4 (E.D. Cal. July 16, 2025) (dismissing meal and rest period violation claims for failure to state a claim where Plaintiff failed to include a "single, specific instance" where a meal or rest period violation occurred); *Benyamin v. Topgolf Payroll Servs., LLC*, No. 2:23-cv-00303-JAM-DB, 2023 WL 4054543, at *3 (E.D. Cal. June 16, 2023) (dismissing meal and rest period violation claims for failure a state a claim where "Plaintiff [did] not point to one instance where he worked five or ten hours and was then denied a meal period").

Moreover, Plaintiff does not allege any information regarding the frequency of the meal and rest break violations. *See Benge v. Off. Depot, LLC*, No. 2:24-cv-00749-DJC-SCR, 2025 WL 373501, at *6 (E.D. Cal. Feb. 3, 2025) (dismissing meal and rest break violation claims where Plaintiff failed to allege the frequency of missed breaks). Though Plaintiff does not need to allege every single instance during which a meal and rest break violation occurred, she must plead at

---

[2] Citation to the unpublished Ninth Circuit opinions such as those cited here and elsewhere in this order is appropriate pursuant to Ninth Circuit Rule 36-3(b).

least one specific instance in which she was denied a meal and rest break. *See Landers*, 771 F.3d at 646 ("[A]t a minimum the plaintiff must allege at least one workweek when he worked in excess of forty hours and was not paid for the excess hours in that workweek."); *Boyack*, 812 F. App'x at 431 (applying *Landers* to rest break violation claims under the California Labor Code).

Therefore, the court will grant Defendant's motion to dismiss Plaintiff's seventh claim for meal period violations and eighth claim for rest period violations, with leave to amend.

### E.    Failure to Provide Accurate, Itemized Wage Statements (Claim Nine)

Under California Labor Code § 226, an employer must provide its employee with a written "accurate itemized statement" including nine categories of payroll information. Cal. Lab. Code § 226(a). Employers must provide wage statements "semimonthly or at the time of each payment of wages." *Id.* To recover under Section 226(e), a plaintiff must show that their employer (1) violated California Labor Code § 226(a); (2) knowingly and intentionally; and (3) an injury resulted. *Morrelli v. Corizon Health, Inc.*, No. 1:18-cv-1395-LJO-SAB, 2019 WL 918210, at *9 (E.D. Cal. Feb. 25, 2019) (citation omitted).

Defendant argues first that this claim is entirely derivative "from [Plaintiff's] claims for unpaid regular, minimum, and overtime wages, and unpaid meal period and rest break premiums," and it therefore fails on the same grounds as Plaintiff's other claims. (Doc. No. 5-1 at 20.) Defendant further argues that Plaintiff's claim for failure to provide accurate, itemized wage statements is based on no additional factual allegation and is "conclusory and non-specific." (*Id.*) In her opposition, Plaintiff argues that the factual allegations in the complaint are sufficient for the court to "draw a reasonable inference that Defendant is liable for failure to provide accurate, itemized wage statements. . . ." (Doc. No. 7 at 16.) Plaintiff also argues that "it follows that if an employee was not paid for hours worked while off the clock then the wage statement will be incorrect." (*Id.*)

As Plaintiff concedes, Plaintiff's claim is predicated on her factual allegations in support of her claims for meal and rest period violations, and failure to pay minimum wages, overtime wages, and wages owed. (*Id.*) Plaintiff provides no further specific information regarding any wage statements she received; rather, she merely makes conclusory allegations that are nothing

11

1   more than a formulaic recitation of a claim under California Labor Code § 226. *See Ritenour v.*
2   *Carrington Mortg. Servs. LLC,* 228 F. Supp. 3d 1025, 1033 (C.D. Cal. 2017) (dismissing the
3   plaintiff's claim of failure to provide accurate wage statements where the plaintiff "fail[ed] to
4   describe a single instance of such violations"). Here, because Plaintiff's claim is entirely
5   predicated on her aforementioned claims, which the court has found are insufficiently alleged,
6   Plaintiff's claim for failure to provide accurate wage statements necessarily fails as well.

7   Therefore, the court will grant Defendant's motion to dismiss Plaintiff's ninth claim with
8   leave to amend.

### F. Waiting Time Penalties (Claim Ten)

California Labor Code § 203 provides that when an employer does not pay an employee their due compensation at the termination of their employment, "the wages of the employee shall continue as a penalty from the due date thereof at the same rate until paid or until an action therefor is commenced; but the wages shall not continue for more than 30 days." Cal. Lab. Code § 203(a).

Here too, Defendant argues that this claim is entirely derivative "from [Plaintiff's] claims for unpaid regular, minimum, and overtime wages, and unpaid meal period and rest break premiums," and it therefore fails on the same grounds as Plaintiff's other claims. (Doc. No. 5-1 at 20.) Defendant likewise argues that Plaintiff's allegations in support of this claims are "conclusory and non-specific." (*Id.*) Plaintiff responds in her opposition by again asserting that her factual allegations in the complaint are sufficient for the court to "draw a reasonable inference that Defendant is liable for . . . waiting time penalties. . . ." (Doc. No. 7 at 16.) Plaintiff also argues that "[i]t follows that if an employee was not paid for all hours worked then waiting time penalties were triggered at termination." (*Id.*)

As Plaintiff concedes, Plaintiff's claim is predicated on her factual allegations in support of her claims for meal and rest period violations, and failure to pay minimum wages, overtime wages, and wages owed. (*Id.*) Plaintiff provides no further specific information regarding how "Defendant willfully failed to pay Plaintiff all wages due and certain at the time of termination." (Doc. No. 1-2 at ¶ 82, 14.) Plaintiff merely tracks the statutory language while failing to allege

specific facts to show Defendant willfully withheld wages from Plaintiff following her termination. *Perez v. Performance Food Grp., Inc.*, No. 15-cv-02390-HSG, 2016 WL 1161508, at *5 (N.D. Cal. Mar. 23, 2016) (dismissing plaintiff's claim for failure to pay final wages and waiting time penalties where plaintiff failed to allege specific facts demonstrating the employer's willful refusal to pay plaintiff after plaintiff's termination). Thus, Plaintiff's claim for waiting time penalties is likewise insufficiently alleged.

Therefore, the court will grant Defendant's motion to dismiss Plaintiff's tenth claim with leave to amend.

**G.     Violation of UCL (Claim Eleven)**

To state a UCL claim, "a plaintiff must show either an (1) 'unlawful, unfair, or fraudulent business act or practice,' or (2) 'unfair, deceptive, untrue or misleading advertising.'" *Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1043 (9th Cir. 2003), *as amended* (Sept. 22, 2003) (quoting Cal. Bus. & Prof. Code § 17200). Plaintiff's UCL claim is predicated on the "unlawful" and "unfair" prongs. (Doc. No. 1-2 at ¶¶ 89–92.) To state a claim under the unlawful prong of the UCL, the alleged conduct must violate a "borrowed" law. *Davis v. HSBC Bank Nev., N.A.*, 691 F.3d 1152, 1168 (9th Cir. 2012). No independent right to sue exists under the "unlawful" prong of the UCL. *Mejia v. Chipotle Mexican Grill, Inc.*, 793 F. App'x 519, 521 (9th Cir. 2019). Under the UCL's unfairness prong, courts consider either (1) whether the challenged conduct is "tethered to any underlying constitutional, statutory or regulatory provision, or that it threatens an incipient violation of an antitrust law, or violates the policy or spirit of an antitrust law," (2) whether the practice is "immoral, unethical, oppressive, unscrupulous or substantially injurious to consumers," or (3) whether the practice's impact on the victim outweighs "the reasons, justifications and motives of the alleged wrongdoer." *Durell v. Sharp Healthcare*, 183 Cal. App. 4th 1350, 1366 (2010); *Morgan v. AT&T Wireless Servs., Inc.*, 177 Cal. App. 4th 1235, 1254 (2009).

Plaintiff points to her claims for violations of the California Labor Code as the predicate for her claims under the UCL. Because Plaintiff has failed to state a claim for any of her California Labor Code violation claims, any UCL claim predicated upon them also fail. *See*

13

*Krauss*, 2019 WL 6170770, at *5 (dismissing UCL claim predicated on California Labor Code violation claims where plaintiff failed to plead the underlying causes of action); *Krantz v. BT Visual Images, L.L.C.*, 89 Cal. App. 4th 164, 178 (2001) ("[Claims] for relief under the unfair competition law []—stand or fall depending on the fate of the antecedent substantive causes of action.").

Therefore, the court will grant Plaintiff's eleventh claim with leave to amend.

## CONCLUSION

For the reasons explained above:

1. Defendant's motion to dismiss (Doc. No. 5) is GRANTED;
2. Plaintiff's complaint is dismissed, with leave to amend, due to Plaintiff's failure to state a cognizable claim;
3. Plaintiff shall file a first amended complaint, or alternatively, a notice of her intent to not file a first amended complaint, within twenty-one (21) days from the date of entry of this order; and
4. Plaintiff is warned that her failure to comply with this order may result in dismissal of this action due to Plaintiff's failure to prosecute.

IT IS SO ORDERED.

Dated: **August 7, 2025**

Dena Coggins
United States District Judge